**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 11 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-50365 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00856-LAB |
| v. | |
| DANIEL ISRAEL PALOMINO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 10, 2018[**]

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Daniel Israel Palomino appeals from the district court's judgment and challenges the 100-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Palomino contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2.  He argues that the court improperly compared him to the typical courier, rather than his co-participants in the offense, and erred in discounting his lack of proprietary interest in the drugs and ignorance about the drug-trafficking organization.  We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion.  *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record shows that the district court properly compared Palomino to his co-participants in the offense, both named and unnamed, *see United States v. Diaz*, 884 F.3d 911, 916-17 (9th Cir. 2018), and denied the minor role adjustment after considering each of the factors listed in the commentary to the Guideline, *see* U.S.S.G. § 3B1.2 cmt. n.3(C).  The court's limited discussion of other couriers does not show that it misapplied the Guideline.  Moreover, the court's decision to deny the minor role reduction in light of Palomino's six prior successful drug crossings and the large amount of methamphetamine, and to accord little weight to Palomino's lack of propriety interest in the drugs and limited knowledge about the drug organization, was not an abuse of discretion.  *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

**AFFIRMED.**

2